UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
ALAN DECHTER, LEON KADIS,                )
MERRY SMITH, TRAUTE MARSHALL,      )
REBECCA KATZ, and GEORGE FLESH,    )
                                                          )
                  Plaintiffs                              )
                                                          )
v.                                                        )          CIVIL ACTION NO. 19-10736-DJC
                                                          )
CITY OF NEWTON SCHOOL COMMITTEE, )
RUTH GOLDMAN, in her official capacity as )
NEWTON SCHOOL COMMITTEE              )
CHAIRPERSON, DAVID FLEISHMAN in his )
official capacity as NEWTON                    )
SUPERINTENDENT OF SCHOOLS, HENRY )
TURNER in his official capacity as PRINCIPAL )
OF NEWTON NORTH HIGH SCHOOL, JOEL )
STEMBRIDGE in his official capacity as       )
PRINCIPAL OF NEWTON SOUTH HIGH      )
SCHOOL, JONATHAN BASSETT in his official )
capacity as CHAIR OF THE HISTORY AND   )
SOCIAL SCIENCES DEPARTMENT OF        )
NEWTON NORTH HIGH SCHOOL, JENNIFER )
MORRILL in her official capacity as CHAIR OF )
THE HISTORY DEPARTMENT OF NEWTON  )
SOUTH HIGH SCHOOL, DAVID BEDAR in his )
Official capacity as HISTORY TEACHER AT   )
NEWTON NORTH HIGH SCHOOL, JAMIE    )
RINALDI in his official capacity as HISTORY  )
TEACHER AT NEWTON SOUTH HIGH       )
SCHOOL, SUSAN WILKINS, in her official   )
capacity as HISTORY TEACHER AT NEWTON )
NORTH HIGH SCHOOL, and PAUL ESTIN, in )
his official capacity as HISTORY TEACHER AT )
NEWTON SOUTH HIGH SCHOOL,            )
                                                          )
                  Defendants                             )
_____)

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF**
**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs open their 495-page Amended Complaint with a deeply personal insult: that the teachers and administrators named in this lawsuit must be anti-Semitic, because they have refused to censor the materials Plaintiffs do not like from the curriculum. See Amended Complaint, p. 2. This is not the only time Plaintiffs directly insult the moral character of the School Defendants. Interspersed throughout the Amended Complaint are numerous personal insults aimed at impugning the character of Defendants Bedar and Rinaldi. See Amended Complaint, at ¶¶ 115, 118, 131, 181 and 185.

These statements should be stricken from the Amended Complaint because they are deeply offensive and included solely to raise the emotional temperature of the lawsuit, while being completely irrelevant to Plaintiffs' legal claims. Fed. R. Civ. P. 12(f). As such, the School Defendants request that the Court strike the specific portions of the Amended Complaint highlighted below.[1]

I.   Applicable Law

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are generally disfavored, the court possesses considerable discretion in resolving such a motion. Alvarado-Morales v. Dig. Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988); Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011).

---

[1] The School Defendants note that their request under Rule 12 is narrow, despite the fact that the Amended Complaint is laden with redundant and irrelevant information that has no place in a well-pled document. The School Defendants acknowledge the disfavored nature of motions to strike and thus limit this motion to only the above-noted portions of the Amended Complaint, which directly attack the personal character of the School Defendants.

"A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." <u>Cabble v. Rollieson</u>, 2006 WL 464078, at 30 (S.D.N.Y. 2006). Superfluous descriptions, repugnant words, and other allegations that are not substantive elements of a cause of action may be stricken pursuant to Fed. R. Civ. P. 12(f). See <u>Alvarado-Morales</u>, 843 F.2d at 613, 618 (striking the terms "concentration camp," "brainwash," "torture," and "such similes as 'Chinese communists in Korea'" as repugnant and superfluous despite appellant's defense of the use of these terms as accurate descriptions of his client's experiences).

II.   <u>Plaintiffs' personal insults against the School Defendants should be stricken because they are offensive and wholly unrelated to the legal claims raised in this matter.</u>

The School Defendants move the Court to strike the following portions of the Introduction and Paragraphs 115, 118, 131, 181 and 185 of the Amended Complaint:

a. <u>Unnecessarily provocative portions of the Introduction</u>. The School Defendants seek to strike the following statements in the Introduction, on p. 2:

> Anti-Semitism is a deadly hatred. Defendants either disagree with this statement or share in this hatred because, for years, they have stubbornly refused to remove anti-Semitic and anti-Israel materials from the history lessons that they teach in the high schools of the City of Newton. Despite significant community concerns, scholarly findings of anti-Jewish bias, and formal citizen requests for remedial action, Defendants have categorically and repeatedly refused to remedy the teaching of false and hateful stereotypes about Israel, Israelis, and the Jewish people. These refusals are not simply indecent and vile. . .

These statements accuse the School Defendants of being anti-Semitic, aver that they teach "false and hateful stereotypes about Israel, Israelis, and the Jewish people," and state that they are "indecent and vile."

None of these statements are legal claims or factual predicates in support thereof. Rather, they are deliberately incendiary missives included for the sole purpose of tarring the moral

3

character of the School Defendants.  These statements are unduly personal in a lawsuit which, by its own terms, seeks to challenge the School Defendants' actions in their *official capacity*.  The actual legal claims raised by Plaintiffs posit that the School Defendants have failed to execute certain educational duties as mandated by law and have violated the First Amendment.  Personally insulting the moral character of the School Defendants by claiming that they hate Jewish people or are "indecent and vile" does nothing to further these claims.  Because these portions of the Introduction are both "scandalous" and "immaterial" to the legal claims at stake, the Court should strike these statements from the Amended Complaint pursuant to Rule 12(f)(2).

    b. <u>Accusations that teachers Bedar and Rinaldi are personally biased</u>.  The School Defendants also seek to strike the following portions of the below-noted paragraphs, all of which constitute direct and personal attacks on Defendants Bedar and Rinaldi:

        i. <u>Amended Complaint, at ¶ 115</u>:  "When Defendant Bedar questions whether Israel even has a right to exist, persons of Israeli national origin and Jewish religion are being effectively excluded or discriminated against. . ."

        ii. <u>Amended Complaint, at ¶ 131</u>:  "Defendant Bedar's bias against the pro-Israel viewpoint. . ."

        iii. <u>Amended Complaint, at ¶ 181</u> (p. 55):  "It is Defendant Rinaldi's own personal biases that drive his refusal to perform his nondiscretionary duties. . ."

        iv. <u>Amended Complaint, at ¶ 185</u> (p. 56):  "Like Defendant Rinaldi, it is Defendant Bedar's own personal biases drive his refusal to perform his nondiscretionary duties. . ."

Like the statements highlighted above, these words and phrases are direct personal attacks on the character of Defendants Bedar and Rinaldi.  They are emotional statements designed to

single out teachers Bedar and Rinaldi and accuse them of hatred and bias against a particular religious group.  This language is offensive, completely unsupported, and utterly irrelevant to Plaintiffs' claim for legal relief.  It should be recognized as such and stricken from the Amended Complaint.  Fed. R. Civ. P. 12(f)(2).

III.   Conclusion

Plaintiffs clearly feel very strongly about the allegations included in the Amended Complaint.  While they are entitled to pursue legal relief for their claims through the courts, they are not entitled to directly attack the moral character of the School Defendants in doing so.  Federal Rule of Civil Procedure 12(f) provides a vehicle through which this Court can winnow these unnecessary and deeply hurtful statements from Plaintiffs' legal claims.  The School Defendants respectfully request that the Court do so in this case with respect to the above-listed statements.  Fed. R. Civ. P. 12(f).

RESPECTFULLY SUBMITTED,

DEFENDANTS,

CITY OF NEWTON SCHOOL COMMITTEE, RUTH GOLDMAN, in her official capacity as NEWTON SCHOOL COMMITTEE CHAIRPERSON, DAVID FLEISHMAN in his official capacity as NEWTON SUPERINTENDENT OF SCHOOLS, HENRY TURNER in his official capacity as PRINCIPAL OF NEWTON NORTH HIGH SCHOOL, JOEL STEMBRIDGE in his official capacity as PRINCIPAL OF NEWTON SOUTH HIGH SCHOOL, JONATHAN BASSETT in his official capacity as CHAIR OF THE HISTORY AND SOCIAL SCIENCES DEPARTMENT OF NEWTON NORTH HIGH SCHOOL, JENNIFER MORRILL in her official capacity as CHAIR OF THE HISTORY DEPARTMENT OF NEWTON

SOUTH HIGH SCHOOL, DAVID BEDAR in his Official capacity as HISTORY TEACHER AT NEWTON NORTH HIGH SCHOOL, JAMIE RINALDI in his official capacity as HISTORY TEACHER AT NEWTON SOUTH HIGH SCHOOL, SUSAN WILKINS, in her official capacity as HISTORY TEACHER AT NEWTON NORTH HIGH SCHOOL, and PAUL ESTIN, in his official capacity as HISTORY TEACHER AT NEWTON SOUTH HIGH SCHOOL.

By their attorney,

*/s/ Jennifer C. Pucci*
Jennifer C. Pucci (BBO #669823)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240
jpucci@newtonma.gov

DATED:   April 26, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 26, 2019.

*/s/ Jennifer C. Pucci*
Jennifer C. Pucci