UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ALAN DECHTER, LEON KADIS,                   )
MERRY SMITH, TRAUTE MARSHALL,               )
REBECCA KATZ, and GEORGE FLESH,             )
                                            )
              Plaintiffs                    )
                                            )
v.                                          )          CIVIL ACTION NO. 19-10736-DJC
                                            )
CITY OF NEWTON SCHOOL COMMITTEE,            )
RUTH GOLDMAN, in her official capacity as   )
NEWTON SCHOOL COMMITTEE                     )
CHAIRPERSON, DAVID FLEISHMAN in his         )
official capacity as NEWTON                 )
SUPERINTENDENT OF SCHOOLS, HENRY            )
TURNER in his official capacity as PRINCIPAL )
OF NEWTON NORTH HIGH SCHOOL, JOEL           )
STEMBRIDGE in his official capacity as      )
PRINCIPAL OF NEWTON SOUTH HIGH              )
SCHOOL, JONATHAN BASSETT in his official    )
capacity as CHAIR OF THE HISTORY AND        )
SOCIAL SCIENCES DEPARTMENT OF               )
NEWTON NORTH HIGH SCHOOL, JENNIFER          )
MORRILL in her official capacity as CHAIR OF )
THE HISTORY DEPARTMENT OF NEWTON            )
SOUTH HIGH SCHOOL, DAVID BEDAR in his       )
Official capacity as HISTORY TEACHER AT      )
NEWTON NORTH HIGH SCHOOL, JAMIE             )
RINALDI in his official capacity as HISTORY  )
TEACHER AT NEWTON SOUTH HIGH                )
SCHOOL, SUSAN WILKINS, in her official      )
capacity as HISTORY TEACHER AT NEWTON       )
NORTH HIGH SCHOOL, and PAUL ESTIN, in       )
his official capacity as HISTORY TEACHER AT  )
NEWTON SOUTH HIGH SCHOOL,                    )
                                            )
              Defendants                    )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED
UNDER PSEUDONYM AND FOR LEAVE TO FILE AFFIDAVIT UNDER SEAL (D.E.
59) AND AFFIDAVIT OF KAREN HURVITZ IN SUPPORT OF PLAINTIFFS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PROCEED
UNDER PSEUDONYM (D.E. 60)**

Since the July 9, 2019 hearing on Defendants' Motion to Dismiss (D.E. 15), Plaintiffs'

counsel has filed a series of motions, *all in violation of the Local Rules*:

- ***On July 9***, Plaintiffs filed a two-page Motion for Leave to Amend the Complaint, along
  with a Second Proposed Amended Complaint.  See D.E. 45-47.  The Motion for Leave to
  Amend provided no legal support for this request, in violation of Local Rule 7.1(b)(1).
  See Defendants' Opposition, D.E. 50, at p. 5 n. 6.

- ***On July 15***, Plaintiffs filed a Motion to Proceed Under Pseudonym, also without any
  attendant legal or factual support in violation of Local Rule 7.1(b)(1) (other than factual
  assertions made *by counsel* in the body of the motion, which were wholly unsupported in
  the record).  See D.E. 49; see also Defendants' Opposition, D.E. 53, at 5.

- ***On July 22***, Plaintiffs filed a Motion to Replace the Proposed Second Amended
  Complaint which was the subject of their July 9 filings with a *new* Proposed Second
  Amended Complaint.  See D.E. 54.  On the same date, Plaintiffs also filed a
  Memorandum of Law in support of their July 9 Motion to Amend.  See D.E. 55.  The
  Memorandum of Law was submitted two weeks late, without explanation, and the
  Motion to Replace was unsupported by any law.  See Defendants' Opposition, D.E. 56, at
  1, 3; Defendants' Motion to Strike and Memorandum of Law in support of same, D.E. 57
  and 58.

- ***On July 29***, Plaintiffs filed a Memorandum of Law in Support of their Motion to Proceed
  Under Pseudonym and an Affidavit in support of the same – a motion that they had filed

*two weeks prior, on July 15, without any attendant factual or legal support*, again in violation of Local Rule 7.1(b)(1).  <u>See</u> D.E. 59 and 60.

Defendants have opposed each of Plaintiffs' motions and filings for lack of merit, as well as on procedural grounds.  <u>See</u> D.E. 50, 53, 56, 57, 58.  Each of Plaintiffs' filings is a poorly-disguised – and ultimately futile – attempt to avoid dismissal of this matter for failure to state a claim upon which relief can be granted.

Defendants request that the Court strike Plaintiffs' latest filings, D.E. 59 and 60, as violations of the Local Rules.  <u>See</u> L.R. 1.3, 7.1(b).  These materials, like each of the other post-July 9 filings, have upended motions practice in this case and wasted significant municipal and judicial resources.  When Plaintiffs filed their Motion to Amend (D.E. 45), on July 9, and Motion to Proceed Under Pseudonym, on July 15 (D.E. 49), Defendants were required to consider, research, and respond to Plaintiffs' requests.  They did so in a timely manner.  <u>See</u> D.E. 50, 53.  Only *after* Defendants committed to a response to Plaintiffs' motions, however, did Plaintiffs' counsel file legal memoranda and factual support *in support of the original requests*.  <u>See</u> D.E. 55, 59, 60.  These filings invariably introduce new legal and factual material that requires further research and response on the part of Defendants – an incredible waste of resources that is due solely to Plaintiffs' lack of diligence and bad faith in this matter.

This onslaught of improper filings shows no signs of abating, as Plaintiffs have repeated their violations yet again with D.E. 59 and 60 – filings which contain new legal and factual support for their Motion to Proceed Under Pseudonym, which they filed *two weeks earlier, without any such support*.  <u>See</u> L.R. 7.1.  Local Rule 7.1(b)(1) requires not only that legal memoranda "shall" be submitted with a motion, but that factual support be as well:  "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed

with the motion." Local Rule 7.1(b)(1). The reason for this is obvious – so opposing counsel understand the basis for each motion and can properly respond to the same, in an orderly fashion.

Defendant opposed Plaintiffs' Motion to Proceed Under Pseudonym in part on these exact grounds – because Plaintiffs failed to provide legal or factual support for their request, in violation of the Local Rules. See Defendants' Opposition, D.E. 53, at 5. Plaintiffs' filings at D.E. 59 and 60 are plainly an effort to cure these defects. These materials are filed two weeks late, without any explanation as to their tardiness and without requesting relief from the Court from the standard requirements of the Local Rules. See L.R. 7.1(b)(1). There is no – nor can there be any – argument that the two exhibits attached to Attorney Hurvitz's Affidavit (D.E. 60) are newly discovered documents. Moreover, these filings absolutely prejudice Defendants, who again are put in the position of having to expend additional resources responding to these same issues due to Plaintiffs' bad faith practice in this matter.

This Court has the authority, pursuant to Local Rule 1.3, to order sanctions in response to violations of the Local Rules. See L.R. 1.3 (court can impose a variety of sanctions for violations of Local Rules, including "dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer."); see also Accusoft Corp. v. Quest Diagnostics, Inc., 2014 WL 1393749, at *2 (D. Mass. 2014) (ordering plaintiff to pay defendants' "reasonable expenses, including attorney's fees, in responding to [plaintiff's] two motions" when filed in violation of Local Rule 7.1(a)(2)); Bailey v. Dart Container Corp. of Michigan, 980 F. Supp. 584, 590 (D. Mass. 1997) (stating that court can impose monetary sanctions pursuant to L.R. 1.3). Local Rule 7.1 is "not an empty exercise," and "[s]anctions for noncompliance are both available and appropriate." Sun Capital Partners III LP v. New England Teamsters and Trucking Industry Pension Fund, 329 F.R.D. 102, *105 (D. Mass. 2018); see also Martinez v. Hubbard,

172 F. Supp. 3d 378, 385 (D. Mass. 2016) (noting that "failure to comply with [Rule 7.1] constitutes sufficient grounds for a monetary sanction under the court's inherent power to control its docket" and awarding defendant costs for reviewing and responding to motion filed in violation of L.R. 7.1).

Defendants respectfully request that the Court order sanctions here pursuant to Local Rule 1.3 to put an end to Plaintiffs' flagrant and persistent violations of the rules, which has undermined the orderly presentation of legal issues in this matter and created significant unnecessary work for defense counsel and this Court.  As such, Defendants respectfully request that the Court strike Plaintiffs' recent filings, at D.E. 59 and 60, as a violation of the Local Rules. See L.R. 1.3, 7.1.  Defendants also request that the Court order Plaintiffs to pay any reasonable costs incurred in responding to D.E. 59 and 60, including the costs associated with filing this Motion.  See id.; Martinez, 172 F. Supp. 3d at 385; Accusoft Corp., 2014 WL 1393749, at *2; Bailey, 980 F. Supp. at 590.

To the extent the Court does not strike D.E. 59 and 60, Defendants respectfully request leave of Court to respond to these filings, and that the Court order Plaintiffs to pay Defendants' reasonable costs for the same.[1]  See id.  Defendants respectfully request ten days from any ruling on this Motion to submit any such response.

If granted leave of Court to respond, Defendants intend to make the following points, with attendant legal and factual support, in response to Plaintiffs' recent filings:

- In D.E. 59 and 60, Plaintiffs still fail to put forth any factual support to justify their position that John Doe Plaintiff "has a substantial privacy right which outweighs the

---

[1]  Defendants have no choice but to request leave of Court to so respond, because they already responded to Plaintiffs' original Motion.  See Local Rule 7.1(b)(3) (noting that all other papers "may be submitted only with leave of court.").

customary and constitutionally-embedded presumption of openness in judicial

proceedings." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). While *Plaintiffs'*

*counsel – not John Doe himself –* stridently and repeatedly asserts that John Doe Plaintiff

will face a variety of harms, she does so without any factual support, such an affidavit

from John Doe himself attesting to these facts. See D.E. 59, at 10, 12, 16-17 (Plaintiffs'

counsel asserting, without record support, what John Doe allegedly feels and/or fears).

Many of the unsupported claims put forth as fact by Attorney Hurvitz in the brief are also

outrageous and false. For example, while Plaintiffs repeatedly assert that John Doe might

face physical harm as a result of public involvement in this lawsuit, they have alleged *no*

*facts which could support this*. Moreover, *none* of the purported harms Plaintiffs claim

have any connection to involvement with this lawsuit.

- The two Exhibits attached to Attorney Hurvitz's Affidavit (D.E. 60) are dated,

completely unrelated to this matter, and misleading. Exhibit A contains a five-year-old

letter that has nothing to do with any of the plaintiffs in this lawsuit. Plaintiffs' counsel

argues that this letter demonstrates that *Defendant Newton School Committee* is

insensitive to student privacy issues, but the student record referred to in Exhibit A was

released by a *former* School Committee member – *not* a defendant to this matter.[2] This

---

[2] This former School Committee member released the document – a Massachusetts Department of Elementary and Secondary Education (DESE) report finding that Newton's educators had *complied* with the review and balance provision in 603 CMR 26.05(2) – following the publication of five ads placed in Boston area newspapers, including the Boston Globe and Boston Herald, by Americans for Peace and Tolerance (APT), one of the groups Plaintiffs rely on to support their allegations in this matter. The APT ads accused Newton educators of demonizing Israel and glorifying Islam. In the ads, APT published the photograph and home telephone number of this former School Committee member and urged people to contact him directly.

Plaintiffs' citation to this letter from DESE is particularly ironic, as it was issued in the context of a prior complaint *filed at DESE* – not in the courts – by a parent who claimed that Newton

same issue has been the subject of protracted litigation since 2016 by a plaintiff unrelated to this case.  All claims with respect to this matter against the City of Newton and Superintendent Fleishman were dismissed in federal and state courts; the only claim remaining is a claim against a single former School Committee member in his personal capacity.  Exhibit B is also irrelevant.  It contains a *private*, three-year-old email between Defendant Bassett – who has not worked in the Newton School system for over a year[3] – and Principal Turner.  Contrary to Plaintiffs' assertions, this email was *not* public; it has in fact only been publicized here due to *Plaintiffs'* public records requests and *Plaintiffs'* choice to file it in this matter.  It has nothing to do with this lawsuit or any parties to this lawsuit, and, on its face, provides no support for the contention that any of the Defendants would publicly ostracize or physically harm any litigant to this matter, as Plaintiffs claim.

- Plaintiffs also lack legal support for their request, which is that the Court should shield John Doe's identity *not only from the public, but from opposing counsel and the Defendants in this matter*.  Plaintiffs' cases discuss whether the Court should keep John Doe's identity secret *from the public* – not from the opposing party to the case.  As Defendants noted in their Opposition to Plaintiffs' Motion to Proceed Under Pseudonym, D.E. 53, at 11-12, it would be impossible to effectively litigate and defend against the claims in this matter if *the Defendants* were precluded from learning John Doe's identity.

---

educators were violating 603 CMR 26.05(2) because Newton's ninth and tenth grade history curriculum was purportedly anti-Israel – claims very similar to those raised by Plaintiffs here in Count VI.  See Amended Complaint, D.E. 1, at 70-71.  In that case, DESE issued a decision which outlined Newton's extensive curriculum design and review process and found that *no violation of education law or regulations had occurred*.

[3]  Attorney Hurvitz knows that Defendant Bassett no longer works for the Newton Public Schools based on prior conversations with undersigned counsel.

Plaintiffs fail to acknowledge or address this prejudice to Defendants in their

Memorandum of Law (D.E. 59).

RESPECTFULLY SUBMITTED,

DEFENDANTS,

CITY OF NEWTON SCHOOL COMMITTEE, RUTH GOLDMAN, in her official capacity as NEWTON SCHOOL COMMITTEE CHAIRPERSON, DAVID FLEISHMAN in his official capacity as NEWTON SUPERINTENDENT OF SCHOOLS, HENRY TURNER in his official capacity as PRINCIPAL OF NEWTON NORTH HIGH SCHOOL, JOEL STEMBRIDGE in his official capacity as PRINCIPAL OF NEWTON SOUTH HIGH SCHOOL, JONATHAN BASSETT in his official capacity as CHAIR OF THE HISTORY AND SOCIAL SCIENCES DEPARTMENT OF NEWTON NORTH HIGH SCHOOL, JENNIFER MORRILL in her official capacity as CHAIR OF THE HISTORY DEPARTMENT OF NEWTON SOUTH HIGH SCHOOL, DAVID BEDAR in his Official capacity as HISTORY TEACHER AT NEWTON NORTH HIGH SCHOOL, JAMIE RINALDI in his official capacity as HISTORY TEACHER AT NEWTON SOUTH HIGH SCHOOL, SUSAN WILKINS, in her official capacity as HISTORY TEACHER AT NEWTON NORTH HIGH SCHOOL, and PAUL ESTIN, in his official capacity as HISTORY TEACHER AT NEWTON SOUTH HIGH SCHOOL.

By their attorney,

*/s/ Jennifer C. Pucci*
Jennifer C. Pucci (BBO #669823)
Assistant City Solicitor
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240
jpucci@newtonma.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 31, 2019.

*/s/ Jennifer C. Pucci*
Jennifer C. Pucci