| | |
|---|---|
| ALAN DECHTER, LEON KADIS, MERRY SMITH, TRAUTE MARSHALL, GEORGE FLESH, and REBECCA KATZ, and JOHN DOE<br>　　　　　　　　Plaintiffs<br>　　　v<br><br>CITY OF NEWTON SCHOOL COMMITTEE, RUTH GOLDMAN, in her official capacity as NEWTON SCHOOL COMMITTEE CHAIRPERSON, DAVID FLEISHMAN in his official capacity as NEWTON SUPERINTENDENT OF SCHOOLS, HENRY TURNER in his official capacity as PRINCIPAL OF NEWTON NORTH HIGH SCHOOL, JOEL STEMBRIDGE in his official capacity as PRINCIPAL OF NEWTON SOUTH HIGH SCHOOL, JONATHAN BASSETT in his official capacity as CHAIR OF THE HISTORY AND SOCIAL SCIENCES DEPARTMENT OF NEWTON NORTH HIGH SCHOOL, JENNIFER MORRILL in her official capacity as CHAIR OF THE HISTORY DEPARTMENT OF NEWTON SOUTH HIGH SCHOOL, DAVID BEDAR in his official capacity as HISTORY TEACHER AT NEWTON NORTH HIGH SCHOOL, and JAMIE RINALDI in his official capacity as HISTORY TEACHER AT NEWTON SOUTH HIGH SCHOOL<br>　　　　　　　　Defendants | C. A. NO. 19-10736-DJC<br><br><br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

　　　　As a vital and primary matter, the entire premise of Defendants' Motion to Strike Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to File Second Amended Complaint ("Motion to Strike") rests on a factual misrepresentation of the docket, which Defendants attempt to sneak into a footnote (D.E. 58, n.1) within their Motion to Strike. The misrepresentation depends on what was, essentially, a scrivener's error in the caption of the Memorandum of Law, D.E. 55, which Defendants dishonestly now use to ask that it be stricken from the record. The caption should have read "Plaintiffs Memorandum of Law in Support of Their Motion for Leave to Replace Second Amended Complaint." As Defendants themselves admit in the footnote, this Memorandum of Law "is linked on the docket to Plaintiffs' Motion for Leave to

1

Replace Second Amended Complaint. [D.E. 54]" *Id.* Moreover, the Memorandum of Law clearly states, in its first paragraph:

> *"Plaintiffs herewith file a motion requesting leave to replace their Proposed Second Amended Complaint with the Second Amended Complaint filed herewith and submit this Memorandum of Law."*

Seizing on the scrivener's error in the caption, Defendants insist that the Memorandum of Law that they want stricken "should in fact be linked to Plaintiffs' Motion for Leave to Amend (D.E. 45)." Defendants never try to put forth a justification for this fanciful assertion. The Memorandum of Law, D.E. 55, was filed at the same time as the motion it supported—D.E. 54—in full compliance with L.R. 7.1(b)(1).

Plaintiffs acknowledge the scrivener's error, but note that the issue could have easily been resolved in an L.R. 7.1(a)(2) conference, which is required before any motion is filed. Unfortunately, however, Defendants' counsel violated L.R. 7.1(a)(2) in filing their Motion to Strike Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to File Second Amended Complaint ("Motion to Strike"): Defendants' counsel refused Plaintiffs' counsel request to review the Motion to Strike, writing "I don't intend to send it, but it is pretty straightforward – a motion to strike for violation of the local rules." *See* Affidavit of Karen D. Hurvitz, filed herewith. If Defendants' counsel had obeyed L.R. 7.1(a)(2), Plaintiffs could have easily explained and cured the scrivener's error, and resolved this issue without wasting judicial resources and Plaintiffs' funds on yet more unnecessary motion practice.

In light of Defendants' counsel's flagrant violation of L.R. 7.1(a)(2), Defendants' demand for monetary sanctions against Plaintiffs' counsel is aggressive but wrong, and the case law they cite to support their demand is inapposite. In *Bailey v. Dart Container Corp.*, 980 F.

Supp. 584, 591 (D. Mass. 1997), "counsel was not merely negligent" in the behavior that ultimately led to monetary sanctions," but "was, at a minimum, misguided, grossly negligent and reckless." Here, as Plaintiffs explained in their Memorandum of Law, there was no negligence, but a forced error during emergency motion practice under duress:

> Within mere hours of the July 9 Motion Hearing, Plaintiffs filed a motion requesting leave to file a Second Amended Complaint in this matter, capping off two weeks of rapid reaction to aggressive gamesmanship by Defendants and their Amici, who had sat on the ball, holding back their voluminous briefs full of new but spurious arguments until June 26, when the hearing date had been set on May 21, and then opposing Plaintiffs' reasonable requests to research and respond to them.

D.E. 55 at 1.

It is the height of chutzpah for Defendants to now claim that it is Plaintiffs who have "upend[ed] standard motion practice," and to call for monetary sanctions based on a case whose standard therefor Plaintiffs clearly do not meet. *See Bailey v*, 980 F. Supp. at 591.

The second of Defendants' two cases justifying monetary sanctions against Plaintiffs' counsel, actually supports the imposition of monetary sanctions *against Defendants' counsel*. *See Accusoft Corp. v. Quest Diagnostics, Inc.*, 2014 WL 1393749, at *2 (D. Mass. 2014) (ordering plaintiff to pay defendants' "reasonable expenses, including attorney's fees, in responding to [plaintiff's] two motions" when filed in violation of Local Rule 7.1(a)(2)). As explained above, Defendants' counsel violated L.R. 7.1(a)(2) by refusing to let Plaintiffs' counsel preview the Motion to Strike, resulting in this current round of unnecessary motions practice. Plaintiffs therefore ask the Court to, in the interests of doing equity to those who seek equity, impose monetary sanctions on Defendants' counsel based on the case law invoked by Defendants. *See Accusoft Corp. v. Quest Diagnostics, Inc.*, 2014 WL 1393749, at *2.

There is a separate issue of sanctions that Plaintiffs do not yet ask the Court to address, but that Plaintiffs wish to bring to the Court's attention. Defendants cite no general federal or local rule of civil procedure to give any weight of authority to their contention that Plaintiffs' Memorandum of Law should be stricken from the record. Indeed, there is no rule of procedure, general or local, that provides for memoranda of law to be stricken from the record of a federal district court. *See, e.g., Dalton v. FMA Enters.*, 1996 U.S. Dist. LEXIS 17526 at *4-5, D. Fla. (1996). Only pleadings may be stricken from the record, *see* Fed. R. Civ. P. 12(f), and a memorandum of law is not a pleading. *See, e.g.*, *Dalton*, 1996 U.S. Dist. LEXIS 17526 at 4.

Defendants make no attempt to argue that striking Plaintiffs' Memorandum of Law is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Instead, they invent their own rule and ask the Court to adopt it as its own, claiming, without citing authority, that memoranda of law may be stricken from the record if the opposing party is able to raise a hyper-technical procedural issue with how it was filed.

Unlike Defendants, who cite no authorities whatsoever, other litigants moving to strike motions and memoranda in federal district courts usually attempt to at least find some basis in the procedural rules for doing so. Most often, they rely on Fed. R. Civ. P. 12(f),[1] which allows motions to strike pleadings. But "Rule 12(f) does not apply to motions and memoranda of law,"

---

[1] Fed. R. Civ. P. 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

which are not pleadings under Fed. R. Civ. P. 7(a).[2] *Cordero v. Dickhaut*, Civil Action No. 11-10098-JLT, 2011 U.S. Dist. LEXIS 152180, at *6 (D. Mass. Oct. 27, 2011).

Courts all over the country, despite decades of gamesmanship by litigants even more brazen than Defendants in the instant case, have invariably refused to extend R. 12(f) to encompass anything but pleadings, and there is nothing else in Fed. R. Civ. P. that would support striking motions or memoranda. *See, e.g.*, *Personacare of Reading, Inc. v. Lengel*, No. 16-1965, 2017 U.S. Dist. LEXIS 38519, at *6 (E.D. Pa. Mar. 17, 2017) ("Defendants ask me to strike Plaintiff's motion to compel, but a motion is not a pleading."); *Santana v. RCSH Operations*, LLC, No. 10-61376-CIV, 2011 U.S. Dist. LEXIS 21814, at *2 (S.D. Fla. Feb. 18, 2011) ("[A] motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper."); *Applied Capital, Inc. v. Gibson*, No. CIV 05-98 JB/ACT, 2007 U.S. Dist. LEXIS 97752, at *52-53 (D.N.M. Sep. 27, 2007) ("Applied Capital also argues that the Court should strike Presley's motion because it does not comply with the Court's local rules. . . . Presley failing to follow required procedure, however, is not outweighed by the rules set forth in Fed. R. Civ. P. 12(f) and Fed. R. Civ. P 7(a), which restrict the Court's striking ability to pleadings."); *Dalton v. FMA Enters.*, 1996 U.S. Dist. LEXIS 17526 at *4-5 (M.D. Fla. 1996) ("[A] careful reading of Federal Rule of Civil Procedure 12(f) only allows matters to be stricken from "pleadings." Defendants' memorandum of law in opposition is not a pleading under Federal Rule of Civil Procedure 7(a). Accordingly, there is no basis under Rule 12(f) for Dalton's request to strike the Defendants' memorandum."). *See also* 2 J. MOORE, MOORE'S FEDERAL PRACTICE § 12.37[2], at 12-100.1 (3d ed. 2005) ("Only material included in a 'pleading' may be the subject of a motion to

---

[2] Fed. R. Civ. P. 7(a) restricts the definition of a pleading to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

5

strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

## CONCLUSION

For all of the above reasons, Plaintiffs ask that the Court deny Defendants' Motion to Strike Plaintiffs' Memorandum of Law, and that the Court impose monetary sanctions on Plaintiffs' counsel for violation of L.R. 7.1(a)(2).

PLAINTIFFS
By their attorney,

*/s/ Karen Hurvitz*

Karen Hurvitz
BBO No. 245720
Law Office of Karen D. Hurvitz
34 Tanglewood Drive
Concord, MA 01742
(617) 513-3365
HurvitzLaw@comcast.net

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered parties as identified on the Notice of Electronic Filing (NEF) on August 6, 2019.

*/s/ Karen Hurvitz*